1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20

DONTAY HAYES
CDCR #K-88757,

                    Plaintiff,

            vs.

JOHN DOVEY; JEANNE WOODFORD;
J.G. GIURBINO; M.E. BOURLAND;
G.J. JANDA; WENDY STILL,

                   Defendants.

Civil No.    09cv1016 BTM (RBB)

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
PURSUANT TO
FED.R.CIV.P. 12(b)(6)**

**[Doc. Nos. 16, 23]**

21
22
23
24
25
26
27
28

     In this prisoner civil rights case, Dontay Hayes ("Plaintiff"), is proceeding in pro se and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a).  Defendants Bourland, Janda, Giurbino and Still filed a Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 16].  Defendant Woodford filed a separate Motion to Dismiss Plaintiff's Complaint [Doc. No. 23].  Plaintiff has filed an Opposition to both Motions to which Defendants have filed a Reply.

/ / /

/ / /

## I.      Factual Background

In his Complaint, Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated when Defendants deprived him of outdoor exercise for approximately eight months while the prison was on lockdown.  (*See* Compl. at 3.)  Plaintiff was housed at Calipatria State Prison ("CAL") in 2005 and 2006.  (*Id.* at 1.)  Plaintiff alleges that from August 2005 to May 2006[1] he was "confined to a double bunk cell twenty four (24) hours a day, seven days a week with the exception of shower periods."  (*Id.* at 3.)  As a result, Plaintiff claims he suffered from "headaches, muscle cramps, stress, anxiety and depression."  (*Id.*)  Plaintiff further alleges that the lockdown remained in place long after the threat of security to the institution had passed and Defendants continued the lockdown "as a means to punish."  (*Id.* at 5.)

## II.     Defendants' Motion to Dismiss Plaintiff's Complaint

Defendants Bourland, Janda, Dovey, Giurbino and Still seek dismissal of Plaintiff's Complaint on the grounds that: (1) Plaintiff's claim for monetary damages against all the Defendants in their official capacities is barred by the Eleventh Amendment; (2) Plaintiff has failed to state an Eighth Amendment claim against Defendants Still, Janda and Bourland; (3) Plaintiff has failed to state a plausible claim for relief against Defendant Dovey; and (4) Defendants are entitled to qualified immunity.

### A.      FED.R.CIV.P. 12(b)(6) Standard of Review

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief."  *Id.* (citing FED.R.CIV.P. 8(a)(2)).

/ / /

---

[1]  While not entirely clear, it appears that Plaintiff alleges that there were two separate time periods for which he claims the constitutional deprivation, from August 2005 to March 2006 and from March 2006 to May 2006.  (*See* Compl. at 3.)

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) .

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972).  Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt.  *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

### B.    Eleventh Amendment Immunity

All named Defendants seek dismissal of Plaintiff's damages claims to the extent they are based on acts taken in their official capacities.  While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, *Will v. Michigan*, 491 U.S. 58, 66 (1989), it does not bar damage actions against state officials in their personal or individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Pena v. Gardner*, 976 F.2d 469, 472-73 (9th Cir. 1992).  When a state actor is alleged to have violated both federal and state law and is sued for damages under section 1983 in his individual or personal capacity, there is no Eleventh Amendment bar, even if state law provides for indemnification.  *Ashker v. California Department of Corrections*, 112 F.3d 392, 395 (9th Cir. 1997).  Here, Plaintiff clearly indicates an intent to sue Defendants in both their individual and official capacities.  (*See* Compl. at 2.) Thus, the Court **GRANTS** all Defendants' Motion to Dismiss on Eleventh Amendment grounds, with prejudice, only to the extent that Plaintiff seeks monetary damages against them in their official capacities.

/ / /

/ / /

/ / /

/ / /

**C.    Eighth Amendment claims against Defendants Still, Janda and Bourland**

Defendants Still, Janda and Bourland move to dismiss Plaintiff's Eighth Amendment allegations against them on the ground that he has failed to state a claim upon which relief may be granted.    "Whatever rights one may lose at the prison gates, ... the full protections of the eighth amendment most certainly remain in force.  The whole point of the amendment is to protect persons convicted of crimes." *Spain v. Procunier*, 600 F.2d 189, 193-94 (9th Cir. 1979) (citation omitted).  The Eighth Amendment, however, is not a basis for broad prison reform.  It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1981).  Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of pain," which includes those sanctions that are "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes*, 452 U.S. at 347.

To assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must satisfy two requirements: one objective and one subjective. *Farmer*, 511 U.S. at 834; *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994).

"Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities." *Id.*  This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 833; *Wright v. Rushen*, 642 f.2d 1129, 1132-33 (9th Cir. 1981).

The subjective requirement, relating to the defendants' state of mind, requires "deliberate indifference." *Allen*, 48 F.3d at 1087.  "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 835.

Finally, the Court must analyze each claimed violation in light of these requirements, for Eighth Amendment violations may not be based on the "totality of conditions" at a prison. *Hoptowit*, 682 F.2d at 246-47; *Wright*, 642 F.2d at 1132.

### 1.      Objective Requirement

Plaintiff contends that the confinement to his cell from August 2005 to May 2006, completely deprived of outdoor exercise, constitutes cruel and unusual punishment. (*See* Compl. at 3.)  In *Spain*, the court stated that "regular outdoor exercise is extremely important to the psychological and physical well being of the inmates."  *Spain*, 600 F.2d at 199.

While a temporary denial of outdoor exercise would not necessarily rise to the level of a constitutional violation, the Court finds that Plaintiff's allegations of a nearly ten month denial of outdoor exercise does meet the objective requirement for stating an Eighth Amendment claim. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (complete denial of outdoor recreation for six and one half weeks was sufficient to satisfy the objective requirement).

### 2.      Subjective Requirement

Defendants Janda, Still and Bourland argue that there are insufficient facts plead that would show that any of them were "deliberately indifferent" to Plaintiff.

#### a.      *Claims against Defendant Still*

The only time Plaintiff refers to Defendant Still is when he lists her name in the caption of the Complaint and identifies her as a "regional administrator."  (*See* Compl. at 1, 5.)  There are no other facts regarding any participation by Defendant Still in the alleged violation of Plaintiff's constitutional rights.  While Plaintiff sets forth facts relating to Defendant Still's participation in his Opposition to Defendants' Motion, he has to allege those facts in the Complaint itself.  Thus, Defendant Still's Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) is **GRANTED**.

/ / /

/ / /

/ / /

/ / /

b.   *Claims against Defendants Bourland and Janda*

Defendants Bourland and Janda argue that Plaintiff cannot state a claim against either of them because they had no authority to overturn the decision by the Warden to place the prison on lockdown status.  (Defs.' Mot. at 5.)  In his Complaint, Plaintiff alleges that both of these Defendants were personally served with Plaintiff's administrative grievances in which they were made aware of the complaints of the deprivation of outdoor exercise and yet refused to allow Plaintiff to receive outdoor exercise.  (*See* Compl. at 2, 6.)  Defendants argue that Plaintiff's allegations against Defendants Janda and Bourland "fail to show how any of them had the power to override the decisions of Warden Giurbino or the Secretary of CDCR, and to independently grant him outdoor exercise."  (*Id.* at 5-6.)

In order to state a claim against these Defendants, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue.  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Here, Plaintiff alleges that he made Defendants Janda and Bourland aware of his situation by filing administrative grievances requesting outdoor exercise which he alleges they denied.  (*See* Compl. at 2, 6.)  These facts are sufficient to state an Eighth Amendment claim against either of these Defendants.  Whether or not these Defendants had the authority to overturn the decision to deny outdoor exercise is not a finding the Court can make at this stage of the proceeding.

Defendants Janda and Bourland's Motion to Dismiss Plaintiff's Complaint for failing to state a claim is **DENIED**.

3.   *Claims against Defendant Dovey and Woodford*

Plaintiff identifies both Defendants Dovey and Woodford as the "former Director of CDCR."[2]  There are contradictions in the facts alleged by Plaintiff as he identifies both of these Defendants as being the Director of the CDCR during the same time frame.  (*See* Compl. at 2, 5.)  Moreover, Plaintiff refers to John Dovey as a female.  (*Id.* at 5.)  To the extent that Plaintiff alleges that the Director of the CDCR, whether it was Dovey or Woodford, was ultimately

_____

[2]  Defendants note in their moving papers that the title "Director" of the CDCR was later changed to "Secretary" in July 2005.  *See* Notice of Joinder by Def. Dovey at 3, fn. 1.

responsible for approving the lockdown which led to the deprivation of outdoor exercise, he has stated a claim against this Defendant. *See Sanders*, 794 F.2d at 483; *Taylor*, 880 F.2d at 1045. However, because his Complaint is far from clear as to whether he is seeking to hold Woodford or Dovey responsible for these actions, both Defendants must be dismissed. If Plaintiff chooses to amend his pleading, he must clearly identify each Defendant and their role in the alleged deprivation of his constitutional rights.

### D.   Qualified Immunity

All Defendants seeks dismissal of Plaintiff's Complaint on qualified immunity grounds. Even if the Court finds that Plaintiff has sufficiently alleged a constitutional claim against Defendants, Defendants seek qualified immunity on the grounds that they "reasonably believed their actions were lawful." (Defs.' P&A's at 14.) "Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to Plaintiff, demonstrate that the Defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established" at the time it is alleged to have been violated. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Although *Saucier* originally required the Court to answer these questions in order, the U.S. Supreme Court has recently held that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." *Pearson v. Callahan*,__U.S. __, 129 S.Ct. 808, 818 (2009).

If the Court finds that Plaintiff's allegations do not make out a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201. Similarly, if the Court determines that the right at issue was not clearly established at the time of the defendant's alleged misconduct, the court may end further inquiries concerning qualified immunity without determining whether the allegations in fact make out a statutory or constitutional violation. *Pearson*, 129 S.Ct. at 818.

In this case, the Court has found that Plaintiff has not sufficiently alleged a constitutional claim against Defendants Still, Dovey or Woodford  and thus, need not decide whether these Defendants are entitled to qualified immunity.  *Saucier*, 522 U.S. at 201.  However, the Court will address whether Defendants Bourland, Janda and Giurbino are entitled to qualified immunity as to Plaintiff's Eighth Amendment claims.

A right is "clearly established" when its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202.  This does not mean "that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  Instead, "in the light of pre-existing law[,] the unlawfulness must be apparent." *Id.*  The "salient question" is whether the state of the law at the time gives officials "fair warning" that their conduct is unconstitutional. *Id.* at 740.  "This inquiry ... must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 202; *Crowell v. City of Coeur D'Alene*, 339 F.3d 828, 846 (9th Cir. 2003).

Defendants argue that Plaintiff's allegations "portray prison officials who were trying to restore order, as well as all aspects of normal programming, at the earliest possible time." (Defs.' Mot. at 9.)  Defendants cite to a recent Ninth Circuit opinion in which the Ninth Circuit found that prison officials were entitled to qualified immunity arising from Eighth Amendment claims of failure to provide outdoor exercise. *See Norwood v. Vance,* 591 F.3d 1062, 1070 (9th Cir. 2010).  However, the Ninth Circuit revisited this issue a short time after *Norwood* was decided and found that "claims involving a prisoner's right to exercise require a full consideration of context, and thus a fully developed record." *See Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010).  Here, in the matter currently before this Court, there is not a fully developed record.  While prison officials are generally entitled to deference in dealing with institutional safety issues, the record is far from clear whether the reasons for denying Plaintiff outdoor exercise for several months would entitle Defendants to qualified immunity.  Thus, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's Complaint on qualified immunity grounds without prejudice to consideration of a subsequent summary judgment motion.

**III.   Conclusion and Order**

For all the foregoing reasons, the Court hereby:

(1)   **GRANTS** Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) on Eleventh Amendment grounds, with prejudice, only to the extent that Plaintiff seeks damages against them in their official capacities;

(2)   **GRANTS** Defendants Still, Dovey and Woodford's Motion to Dismiss Plaintiff's Eighth Amendment claims against them for failing to state a claim;

(3)   **DENIES** Defendants Janda and Bourland's Motion to Dismiss Plaintiff's Eighth Amendment claims;

(4)   **DENIES** Defendants' Motion to Dismiss Plaintiff's Complaint on qualified immunity grounds without prejudice.

(5)   **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to either: (1) file and serve upon Defendants a First Amended Complaint which addresses each deficiency of pleading identified in this Order; or (2) notify the Court and Defendants that he intends to proceed with this action as to the Eighth Amendment claims against Giurbino, Janda and Bourland only.  If Plaintiff fails to take any action in that time frame, the dismissals stated above will stand and Plaintiff may proceed only against Defendants Giurbino, Janda and Bourland on his Eighth Amendment claims.

**IT IS SO ORDERED.**

DATED:  April 22, 2010

Honorable Barry Ted Moskowitz
United States District Judge